United States District Court
Southern District of Texas
**ENTERED**
September 27, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTHUR GARY PHILLIPS, #00233468, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-17-1805 |
| WILLIE WILLIAMS, *et al.*, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

Plaintiff Arthur Gary Phillips (SPN #00233468), currently in the custody of the Harris County Jail, has filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 in connection with his arrest. (Docket Entry No. 1).

Plaintiff alleges that Defendant Willie Williams ("Williams") lied and said that Plaintiff did not belong in the neighborhood, Defendant U.S. Postal Service employee Terri Thomas ("Thomas") said that he witnessed the crime from over two football fields away, and Defendant Houston Police Officer Davis ("Davis") arrested him. Id. at 3. The Court has screened this case pursuant to 28 U.S.C. § 1915A and concludes that it must be dismissed as frivolous for the reasons that follow.

**I. Standard of Review**

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to

scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See* Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Under this standard, a court liberally construes a document filed *pro se*. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An action is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably

meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999).

## II. **Discussion**

Plaintiff brings claims against Defendants Williams, Thomas, and Davis (collectively, "Defendants"), seeking solely monetary damages from them for the mental anguish he suffered in connection with his arrest. *See* Docket Entry No. 1 at 4. Plaintiff does not allege that he suffered any physical injury in connection with his arrest; therefore, Plaintiff's claims for monetary relief fail as a matter of law. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); <u>Geiger v. Jowers</u>, 404 F.3d 371, 374 (5th Cir. 2005) (holding that § 1997e(e) bars compensatory damages for allegations of "mental anguish, emotional distress, psychological harm," and the like).

Because Plaintiff is barred by the PLRA from bringing a suit for compensatory damages for mental anguish without a showing of physical injury, Plaintiff's claims must be dismissed as frivolous under 28 U.S.C. § 1915A(b)(1). *See* <u>Siglar v. Hightower</u>, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of claim seeking

3

damages for a *de minimus* injury as frivolous). In addition, Plaintiff otherwise states no facts that would indicate that any of the Defendants violated his constitutional rights. Accordingly, this case must be dismissed.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's claims are **DISMISSED** with prejudice as frivolous under 28 U.S.C. 1915A(b); and it is

**ORDERED** that this dismissal counts as a **"STRIKE"** for purposes of 28 U.S.C. § 1915(g).

**The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 27TH day of Sept., 2017.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4